**IN THE COURT OF APPEALS OF IOWA**

No. 14-0147
Filed March 26, 2014

**IN THE INTEREST OF A.B., J.B., AND A.B.,**
**Minor Children,**

**G.B., Father,**
**Appellant,**

**S.B., Mother,**
**Appellant.**
_____

Appeal from the Iowa District Court for Woodbury County, Brian L. Michaelson, Associate Juvenile Judge.

A mother and father appeal from the termination of their parental rights to three children. **AFFIRMED ON BOTH APPEALS.**

David Dawson, Sioux City, for appellant father.

Stephanie Parry of Forker & Parry, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, Patrick Jennings, County Attorney, and Diane Murphy, Assistant County Attorney, for appellee State.

Michelle M. Hynes of the Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor children.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**POTTERFIELD, P.J.**

A mother and father appeal from the termination of their parental rights to three children. Both argue clear and convincing evidence does not support termination of their rights, termination is not in the best interests of the children, and the closeness of their relationship should prevent termination of their rights. The father also argues the court incorrectly allowed a late amendment to the termination grounds alleged and should have allowed an additional six months prior to termination. We affirm the termination of both parents' rights.

## I. Facts and proceedings.

The family in this case has struggled over years with drug use. Several child abuse investigations were made dating back to January of 2009. In 2011, two of the children tested positive for drugs—both for methamphetamine and one also for cocaine. The mother admitted to using methamphetamine, cocaine, and marijuana in the children's home. The father resided (and continues to reside) in New Mexico and has a history of domestic abuse and drug use. He has had no in-person contact with the children since July 2011. A child in need of assistance (CINA) petition was filed regarding the children on December 28, 2011. The children were adjudicated CINA on February 28, 2012.

The mother participated in drug treatment, and the children continued in her custody, though she struggled to care for the children. A review hearing was held on July 31, 2012. The department of human services (DHS) noted the mother's inability to make good choices for the children, including allowing a person who uses drugs to care for the children. In August 2012, a motion to modify was filed. The mother voluntarily placed the children in foster care.

Shortly thereafter, she relapsed into methamphetamine use. The next month, a modification hearing was held and custody of the children was transferred to DHS.

In December 2012, a home study was conducted of the father's home in New Mexico. The study found the father's home was inadequate to house the children. On December 26, the court held a dispositional review hearing. The court continued custody with DHS and advised the parties they should make a written request to the court for any further or different services.

In June 2013 the mother again entered inpatient treatment. She successfully completed the inpatient program and began intensive outpatient services in July 2013. During outpatient treatment, she tested positive several times for marijuana use.

A second study of the father's living situation in New Mexico was done in July 2013 and placement was not recommended. The recommendation was based on the father's history of drug use, domestic abuse, limited means, living conditions, and minimal contact with the children. The father had regularly called the children once a week and sent gifts, but he stopped calling the children after the study was completed.

From October 2012 to November 2013, the mother had no physical contact with the children though she called occasionally; the children remained in the same foster home throughout the proceedings. A petition to terminate the parental rights of the father and mother was filed on October 25, 2013.

A hearing was held on the petition January 7, 2014. The court found grounds for termination of the mother's rights under Iowa Code sections

232.116(1)(d), (e), (f), and (*l*) (2013). The court found grounds for termination of the father's rights under Iowa Code sections 232.116(1)(d), (e), and (f). The court found termination was in the children's best interests, and none of the section 232.116(3) factors were applicable. Both the mother and father appeal from the order terminating their parental rights.

## II. Analysis.

Our review of termination-of-parental-rights proceedings is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.*

### A. Mother's appeal: Clear and convincing evidence for termination.

The mother first argues grounds for termination do not exist under Iowa Code section 232.116(1)(d). This section allows for termination where:

> (1) The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.
> (2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

Iowa Code § 232.116(d). The mother agrees the State has proved the first paragraph. She disagrees, however, that grounds exist under the second paragraph. She states "if [DHS] would offer the additional requested services, she could reunify with the children in a relatively short period of time." However, this is not what our statute requires. The children have already been out of the

mother's care for over two years. She has been offered services to correct the situation and still the circumstances exist requiring the children's removal. We therefore find grounds exist for termination under Iowa Code section 232.116(1)(d), and do not consider the mother's arguments under the remaining three sections. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999) ("When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm.").

*B. Mother's appeal: Best interests and closeness of relationship.*

The mother next argues termination is not in the children's best interests of the children, and the court should find the closeness of her relationship with the children is a factor weighing against termination.

> It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child. [The children] simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable. It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together. Insight for the determination of the child's long-range best interests can be gleaned from evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing.

*In re A.B.*, 815 N.W.2d 764, 777-78 (Iowa 2012) (internal citations and quotation marks omitted). The mother has struggled with drug use throughout these proceedings and has not shown adequate parenting abilities. These children have been removed from her care for over two years, and she failed to have

physical contact with the children for a full year. They require permanency. Termination is in the children's best interests.

Next, the mother argues the closeness of her relationship with the children should warrant application of an exception to termination. The children have been out of her custody for over two years, she did not have any contact with the children for over one year of that time period, and communication from the mother has been limited. We do not find an exception should apply here.

### C. Father's appeal: Six more months for reunification.

The father argues the court should have allowed him six more months before terminating his parental rights. "In order to continue placement for six months, the statute requires the court to make a determination the need for removal will no longer exist at the end of the extension." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005). The father argues the mother could make such a showing given an extension of six months. The father does not have standing to assert such an argument on the mother's behalf in an effort to ultimately gain a benefit for himself, that is, the reversal of the termination of *his* parental rights. *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007). He makes no argument that his own home would be adequate and that he would be prepared to take care of the children at the end of six months. We therefore find his argument without merit.

### D. Father's appeal: Amendment of petition for grounds of termination.

The father next argues the court improperly allowed the State to amend the grounds for termination from Iowa Code section 232.116(1)(h) (child is age three or younger) to section 232.116(1)(f) (child is age four or older) to reflect the

age of the youngest child accurately. The father was aware of his child's age, and that he would be asked to answer to nearly identical grounds for termination (the removal time which is shorter for subsection (1)(h) was not at issue). "Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires." Iowa R. Civ. P. 1.402. Further, we find clear and convincing evidence supports termination under section 232.116(1)(d)—a section named in the original petition. We find the father's argument is without merit.

*E. Father's appeal: Clear and convincing evidence for termination.*

The father's rights were terminated under Iowa Code sections 232.116(1)(d), (e), and (f). We need only find grounds for termination under one section to affirm. *S.R.*, 600 N.W.2d at 64. The father argues the court erred in terminating his rights under 232.116(1)(d) because he was not offered and did not receive services to correct the circumstances leading to adjudication. "In general, if a parent fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding" much less for the first time on appeal. *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). The father states, "No efforts were made by DHS or the State to help [the father] move from New Mexico, and thus [the father] was never offered and never received appropriate services." The father points to nothing in the record showing any request for assistance with moving to Iowa. Two interstate compact home evaluations were made of the father's *New Mexico home.* There is nothing to show the father even considered moving to Iowa before this appeal. Termination was appropriate under this section.

*F. Father's appeal: Best interests and closeness of relationship.*

The children have resided outside the mother's home since September 2011. The father has not seen the children since before the removal. The children need and deserve permanency for the same reasons discussed in the mother's appeal above. Termination is in the children's best interests.

The father next argues he is closely bonded to the children and we should apply an exception to termination under Iowa Code section 232.116(3). His phone communication with the children has been sporadic. He argues his close bond with the children' is proved by the fact the children's bad behavior started when he stopped calling. We are not persuaded this bond outweighs the children's need for a consistent, permanent home with responsible parents. *In re N.F.*, 579 N.W.2d 338, 34–42 (Iowa Ct. App. 1998).

**AFFIRMED ON BOTH APPEALS.**