# IN THE COURT OF APPEALS OF IOWA

No. 16-0778
Filed August 17, 2016

**IN THE INTEREST OF K.M., N.M., L.M., H.M., and L.M.,**
**Minor Children,**

**A.W., Mother,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Jasper County, Thomas W. Mott, Judge.

　　　　A mother appeals from the juvenile court's adjudication of her children as children in need of assistance, removal of the children, and disposition. **AFFIRMED.**

　　　　Christopher A. Clausen of Clausen Law Office, Ames, for appellant mother.

　　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　　　Meegan M. Langmaid-Keller of Keller Law Office, Altoona, for minor children.

　　　　Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

A mother appeals from the juvenile court's adjudication of her children as children in need of assistance (CINA), removal of the children, and disposition.[1] The mother asserts the court abused its discretion in denying the motion to dismiss based on the failure to hold the adjudicatory hearing within sixty days of filing of the petition, admitting exhibits over the mother's objection, and denying the mother's motion to continue the adjudicatory hearing.[2] We find no abuse of discretion, and thus affirm.

**I. Background Facts and Proceedings.**

The department of human services (DHS) became involved with the family in October 2015, after the children were left in the care of their daycare provider for approximately two and one-half weeks and concerns were raised regarding the mother's suspected methamphetamine use.

Throughout DHS involvement, the mother was uncooperative with services. DHS was never allowed access to assess the condition of the family home, and the mother never submitted to drug testing.

The petition for adjudication was filed on October 6, 2015, and a pre-adjudicatory hearing was held on October 22, 2015. The adjudicatory hearing

---

[1] The father does not appeal.

[2] The mother also asserts the juvenile court abused its discretion in denying the motion to dismiss made on the basis the father was not properly served, and she raises the question: "Did the Court improperly consider the exhibits of evidence of the Appellant's failure to cooperate with the Department and proof of the two grounds found against the Father solely?" However, the mother does not have standing to assert these claims. *See In re K.R.,* 737 N.W.2d 321, 323 (Iowa Ct. App. 2007) ("[The father] did not have standing to assert that argument on her behalf in an effort to ultimately gain a benefit for himself, that is, the reversal of the termination of *his* parental rights."); *see also In re D.G.,* 704 N.W.2d 454, 460 (Iowa Ct. App. 2005) (determining one parent cannot raise facts or legal arguments applicable only to the other parent).

was set for December 18, 2015, but was continued three times due to the lack of service on the father. The mother did not object to the continuances.

The mother filed a motion to dismiss on March 24, 2016, asserting, among other claims, the case should be dismissed for failure to hold the adjudicatory hearing within sixty days of the filing of the CINA petition as required by Iowa Court Rule 8.11. The adjudicatory hearing was held March 25, 2016.

On March 30, 2016, the children were adjudicated CINA as to the mother under Iowa Code section 232.2(6)(c)(2) (2015).[3] Among its concerns, the juvenile court cited the mother's suspected drug use, long periods of absence from the home, and neglect of the children. The court stated:

> Although evidence does not establish to the requisite degree of certainty that [the mother] used specific illegal mood altering drugs, evidence does establish she neglects the children for unknown reasons of her own personal interests, which take her away from home and the children. Her interests outside the family interfere with caring for them adequately, both when away and when she goes home.
> . . . .
> The children have suffered harmful effects, and they remain imminently likely to suffer harmful effects in the future, from the failure of both [the mother] and [the father] to exercise a reasonable degree of care in supervising them.

On April 13, 2016, the children were removed from the mother's care and placed in DHS custody. On April 27, 2016, the juvenile court entered a dispositional order upholding the children's CINA adjudication and maintaining DHS custody. The mother appeals.

---

[3] Defining a CINA as one "[w]ho has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child." Iowa Code § 232.2(6)(c)(2).

**II. Standard of Review.**

We generally review CINA cases de novo, but review subsidiary rulings for an abuse of discretion. *In re L.R.*, No. 13-0713, 2013 WL 4504930, at *6 (Iowa Ct. App. Aug. 21, 2013).

**III. Analysis.**

*A. Motion to Dismiss.* First, the mother asserts the juvenile court erred in denying her motion to dismiss based on Iowa Court Rule 8.11. Rule 8.11 states, "Failure to comply with this rule shall not result in automatic dismissal, but any such failure may be urged as grounds for discretionary dismissal." The juvenile court properly considered the mother's motion to dismiss, and determined that good cause existed for the delay. The court found the delay reasonable in light of the unsuccessful efforts to serve the father and the mother's previous agreement to the continuances.

We acknowledge the original date set for the hearing was outside of the sixty days between the CINA petition and the adjudicatory hearing. We also acknowledge the adjudicatory hearing was not actually held until about five and one-half months after the petition was filed. Nonetheless, the mother did not object to the continuances and cooperatively assisted in setting new dates for the hearing prior to filing her motion to dismiss. The delay was caused by the efforts to complete service on the father. We also note the mother asked for a continuance of the adjudicatory hearing ultimately held on March 25, 2016. We conclude the juvenile court did not abuse its discretion.

*B. Admission of Exhibits.* The mother also contends the court erred in admitting exhibits—two DHS reports—over her objection. The mother argues

that because her attorney was provided the exhibits shortly before the adjudicatory hearing, she was not given sufficient notice or opportunity to be heard, and the admission of the exhibits violated her due process right to know the allegations against her.

In support of this contention, the mother cites to *In re B.E.*, 875 N.W.2d 181 (Iowa Ct. App. 2015). In *B.E.*, the court determined the father's due process right to fair notice of the allegations against him was violated because the petition "failed to identify the specific acts or omissions regarding the failure to exercise reasonable care in supervising the child." 875 N.W.2d at 187. Oppositely, in this case, the petition adequately included the specific acts and omissions comprising the mother's failure to exercise reasonable care in supervising her children. Regardless of the mother's late notice of the two exhibits in question, she was more than adequately informed of the specific allegations against her. Thus, we find no abuse of discretion in the juvenile court's admission of the exhibits. Additionally, the exhibits were not prejudicial to the mother because other evidence in the record supported adjudication.

*C. Motion to Continue.* Last, the mother argues the juvenile court abused its discretion in denying her motion to continue the adjudicatory hearing, which was made at the time the hearing was set to begin. Counsel made the motion to continue because the mother was not present at the time of the hearing. The court denied the motion to continue. Considering the number of continuances already granted and the late request for a continuance—made the day of the hearing—the court did not abuse its discretion in denying the motion to continue based upon the mother's failure to appear at the adjudicatory hearing.

Upon our de novo review of the record, we find the juvenile court did not abuse its discretion.  We therefore affirm.

**AFFIRMED.**