737 N.W.2d 321 (2007)
In the Interest of K.R., Minor Child, M.R., Father, Appellant,
S.R., Mother, Appellant.
No. 07-0434.
Court of Appeals of Iowa.
May 23, 2007.
*322 Michael Carpenter, Ottumwa, for appellant father.
John Silko, Bloomfield, for appellant mother.
Thomas J. Miller, Attorney General, Kathrine Miller-Todd, Assistant Attorney General, Mark Tremmel, County Attorney, and Seth Harrington, Assistant County Attorney, for appellee.
Cynthia Hucks, Ottumwa, for the minor child.
Considered by SACKETT, C.J., and VOGEL and MILLER, JJ.
VOGEL, J.
S.R. and M.R., mother and father of K.R., born August 2005, separately appeal the order by the district court terminating their parental rights. Upon our de novo review, In re J.E., 723 N.W.2d 793, 798 (Iowa 2006), we affirm termination of the father's rights. We dismiss S.R.'s appeal as she voluntarily dismissed a prior appeal.
I. Background Facts and Proceedings.
K.R. was born with illegal drugs in his system and briefly placed in foster care. He was returned to his mother when she entered Bridge of Hope, an intensive residential treatment program designed to assist mothers in recovering from substance abuse and in repairing their broken lives. Less than a week later, the mother left the program and voluntarily placed K.R. in foster care. He was adjudicated a Child in Need of Assistance (CINA) in October 2005, pursuant to Iowa Code sections 232.2(6)(c)(2) (child is likely to suffer harm due to parent's failure to exercise care in supervising child); (n) (parent's mental capacity/condition or drug or alcohol abuse results in child not receiving adequate care); and (o) (illegal drug present in child) (2005). The parents were offered a myriad of services by the Iowa Department of Human Services (DHS) over the course of nearly eighteen months. Both parents made some sporadic efforts to engage in the services, only to regress back into substance abuse, domestic violence, and criminal activity. The child remained in foster care until the termination hearing in February 2007, at which time the district court terminated both parents' rights on two grounds, 232.116(1)(h) and (l).
Following the termination order dated February 6, the mother filed a notice of appeal. She later voluntarily dismissed the appeal pursuant to Iowa Rule of Appellate Procedure 6.12(6), which was granted on March 2 and procedendo issued March 8. On February 20, the father filed a motion to vacate the termination ruling and for a new trial based upon "newly discovered evidence" as post-hearing, the couple's newborn was placed with the mother in Bridge of Hope. He asserted that if the mother was approved by DHS to have the newborn in her care, then DHS should have deemed her adequate to have K.R. also placed in her care and thus prevent the termination of her parental rights. After a February 27 hearing, the district court denied the motion in a ruling filed March 5, 2007. The mother and father both appeal.[1]
*323 II. Scope and Standards of Review.
Our review of termination cases is de novo. J.E., 723 N.W.2d at 798. The grounds for termination must be proven by clear and convincing evidence. Id. We give weight to the fact findings of the juvenile court, especially when considering the credibility of witnesses, but we are not bound by these findings. Iowa R.App. P. 6.14(g). Our overriding concern is always the best interests of the child. In re K.N., 625 N.W.2d 731, 733 (Iowa 2001).
III. Issues on Appeal.
Grounds for Termination. The father argues the district court erred in finding clear and convincing evidence to support termination. In order to affirm a termination of parental rights, we need only find grounds sufficient to terminate under one of the statutory grounds the district court cited. In re S.R., 600 N.W.2d 63, 64 (Iowa Ct.App.1999). One ground relied upon by the district court to terminate the father's rights was section 232.116(1)(l) (child CINA, parent has substance abuse problem, child cannot be returned within a reasonable time). The father refused to cooperate with services during the six months prior to termination, upon his belief that the mother would be able to regain care of the child. He continued to use illegal substances. Although the father claimed at the termination hearing that he was ready to start all over again and wanted another chance, it is clear that K.R. could not be placed in his care in the foreseeable future. We conclude clear and convincing evidence supports termination of the father's parental rights under 232.116(1)(l) and affirm on this issue.
Motion to Vacate and for New Trial. The father next contends the district court erred when it denied his motion to vacate the termination order and grant a new trial pursuant to Iowa Rule of Civil Procedure 1.1004(7). The father's motion before the district court focused solely on the mother's then-current living situation and why her parental rights were improperly terminated. At the time of the termination hearing, the mother was facing a probation revocation hearing with incarceration as the anticipated result. However, the hearing did not result in her incarceration, but rather in placement back in the Bridge of Hope residential treatment program with the newborn child in her care. The district court considered this information in ruling on the post-termination motion and found no basis to alter the original termination order. Following our review of the district court's ruling on the father's motion, Jacobsen v. Hala, 255 Iowa 918, 125 N.W.2d 500, 506 (1964), we find no abuse of discretion. The father's only basis for the motion dealt with the change in the mother's living situation and how that should have prevented the termination of her parental rights. He did not have standing to assert that argument on her behalf in an effort to ultimately gain a benefit for himself, that is, the reversal of the termination of his parental rights. See In re D.G., 704 N.W.2d 454, 460 (Iowa Ct.App.2005) (stating that one parent cannot assert facts or legal positions pertaining to the other parent as the court makes a separate adjudication as to each parent). We affirm the denial of the father's motion.
Best Interests. Finally, the father claims that termination is not in K.R.'s best interests. When we consider the child's best interests, we look to his long-range *324 as well as immediate best interests. In re C.K., 558 N.W.2d 170, 172 (Iowa 1997). K.R. deserves stability and permanency, which his parents cannot provide. In re C.D., 509 N.W.2d 509, 513 (Iowa Ct.App.1993). K.R. has been in foster placement most of his young life and his foster family is willing to adopt him. In addition to the lack of progress in the services offered by DHS and the continued drug use, the mother alleged the father was physically abusive to her in the late stages of her recent pregnancy. A roommate of the mother's verified the abusive conduct. The father continues to make engaging in criminal activity and use of illegal substances priorities above the needs of K.R. This child should not be made to wait any longer for his father to become a responsible parent. In re J.L.W., 570 N.W.2d 778, 781 (Iowa Ct.App. 1997). We agree that termination is in K.R.'s best interests and affirm.
AFFIRMED AS TO FATHER; MOTHER'S APPEAL DISMISSED.
NOTES
[1] We conclude that the mother's second appeal in this case is improper because her first appeal was finally adjudicated with her voluntary dismissal and the issuance of procedendo on March 8, 2007. See Iowa R.App. P. 6.12(6) (stating the issuance of procedendo from a voluntary dismissal shall constitute a final adjudication with prejudice). We therefore lack subject matter jurisdiction and dismiss her appeal.