**IN THE COURT OF APPEALS OF IOWA**

No. 14-0445
Filed July 16, 2014

**IN THE INTEREST OF D.D., K.D., AND K.M.,**
**Minor Children,**

**C.M., Mother,**
**Appellant,**

**J.D., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Page County, Susan L. Christensen, District Associate Judge.

The father appeals the termination of his parental rights to his children, D.D. and K.D. **AFFIRMED.**

Justin Wyatt of Woods & Wyatt, P.L.L.C., Glenwood, for appellant mother.

Ashley Kissel of Kissel Law, P.L.L.C., Glenwood, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Jeremy Peterson, County Attorney, and Carl M. Sonksen, Assistant County Attorney, for appellee State.

Vicki Danley, Sidney, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

The father appeals the termination of his parental rights to his children, D.D. and K.D.[1]  The father asserts the State did not prove by clear and convincing evidence his rights should be terminated under Iowa Code section 232.116(1)(e), (h), and (j) (2013).  He further argues termination is not in the children's best interest.  We conclude the juvenile court properly terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(j), and that termination is in the children's best interest.  Consequently, we affirm.

The children, D.D., born October 2011, and K.D., born May 2010, were first removed from the mother's home on April 27, 2012.[2]  They returned to the mother's care on August 2, 2012, and then were placed with the maternal grandparents on October 4, as the mother would leave the children with the grandparents and fail to pick them up as arranged.  Because the grandparents were unable to care for the children on a full time basis, the children were placed in a foster home on October 25.  On May 31, 2013, they were placed in a second, pre-adoptive foster home, where they remained at the time of the termination hearing.[3]

On March 20, 2012, the Iowa Department of Human Services (DHS) was informed that, due to charges for the manufacture and distribution of methamphetamine, the father was incarcerated in a federal penitentiary.  He

---

[1] The mother filed a notice of appeal but did not file a petition.  Consequently, her appeal was dismissed.

[2] The third child in this termination proceeding, K.M., half-sibling to D.D. and K.D., is not this father's biological child.

[3] The grandparents have remained in good contact with the children; the foster parents intend to maintain that relationship, should they be allowed to adopt the children.

pleaded guilty to conspiracy to manufacture methamphetamine, and his projected release date is January 19, 2025. The father has kept in touch with the children since his incarceration through phone calls and letters, and it appears the children share a bond with the father.

The State filed a petition to terminate parental rights on June 17, 2013. A hearing was held on October 30, and the juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(e), (h), and (j). The father appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the children's best interest. *Id.* When the juvenile court terminates parental rights on more than one statutory ground, we only need find grounds to terminate under one of the sections cited by the juvenile court to affirm. *Id.*

To terminate parental rights under Iowa Code section 232.116(1)(j), the State must prove by clear and convincing evidence the child has been adjudicated in need of assistance (CINA), custody has been transferred from the parent for placement, and the parent has been imprisoned and it is unlikely he will be released for a period of five or more years.[4] Here, the children are placed with foster parents in a pre-adoptive home. The father's projected release date is

---

[4] To terminate parental rights, the State must prove by clear and convincing evidence: under Iowa Code section 232.116(1)(e), the child has been adjudicated CINA, removed from the parent's care for a period of at least six consecutive months, and the parent has not had meaningful contact with the child; under 232.116(1)(h), the child is three years old or younger, adjudicated CINA, removed from the home for six of the last twelve months, and the child cannot be returned home at the present time.

not until January 2025, and it is therefore unlikely he will be released for a period of more than five years. Consequently, the State proved by clear and convincing evidence grounds to terminate pursuant to paragraph (j).

The father also argues termination is not in the children's best interest, given the bond he shares with the children.[5] However, the father is unable to provide for the children or give them a home, and will be unable to do so for approximately the next ten years. The children are placed with a family who intends to adopt them, and by all accounts, they are thriving in that environment. The children are in need of permanency, and it is in their best interest to terminate the father's parental rights so they may be adopted and achieve that necessary stability. *See In re E.K.*, 568 N.W.2d 829, 831 (Iowa Ct. App. 1997) (noting how a child should not be forced to wait until a parent is released from prison); Iowa Code § 232.116(2). Consequently, we affirm the juvenile court's order terminating the father's parental rights.

**AFFIRMED.**

---

[5] In this context, the father contends the children can be placed with the mother while she attends treatment so the relative-placement exception should apply, and that DHS did not make reasonable efforts to reunify the children and the mother. However, the father does not have standing to present any argument on the mother's behalf. *In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007). Furthermore, the relative-placement exception in Iowa Code section 232.116(3)(a) does not apply, given the mother's parental rights were terminated as well.