# IN THE COURT OF APPEALS OF IOWA

No. 14-0706
Filed July 16, 2014

**IN THE INTEREST OF T.E.,**
    **Minor Child,**

**G.W., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Constance Cohen, Associate Juvenile Judge.


G.W. appeals the juvenile court order terminating his parental rights.
**AFFIRMED.**


Adam Kehrwald of Kehrwald Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, John P. Sarcone, County Attorney, and Kevin Brownell, Assistant County Attorney, for appellee

Felicia Rocha, Urbandale, for mother.

Michael Sorci of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.


Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

G.W. appeals the juvenile court order terminating his parental rights. He claims there is insufficient evidence to support each of the five statutory reasons relied upon by the juvenile court. We find the State has satisfied the statutory grounds for termination of G.W.'s parental rights and affirm the juvenile court.

## I. Background Facts and Proceedings

On April 15, 2014, the juvenile court terminated G.W.'s parental rights pursuant to Iowa Code sections 232.116(1)(b), (d), (e), (g), and (h) (2013). G.W. is the biological father of T.E., as well as T.E.'s siblings.[1]

T.E. first came to the attention of the court when the State filed a child in need of assistance (CINA) petition on August 20, 2013. At the time of the adjudication, G.W. was incarcerated in the Polk County jail anticipating he would be sentenced to the Fort Des Moines Correctional Facility for violating his probation. The juvenile court found G.W. to be a charming but violent man who was feared by T.E.'s mother.[2] The juvenile court also found G.W. had little insight into his own parenting issues, demonstrated a reluctance to make necessary changes, and believed he had been a good father despite ample evidence to the contrary, including termination of his parental rights to each of T.E.'s siblings.

G.W. was sentenced to the Fort Des Moines Correctional Facility; however he later quit his job, in violation of the rules of the facility. G.W. then absconded from the facility, resulting in a warrant for his arrest. His escape also

---

[1] G.W.'s parental rights have already been terminated to each of the four siblings.
[2] T.E.'s mother believed G.W. physically harmed one of T.E.'s siblings.

prevented him from having any contact or involvement with T.E. During the child's life[3] G.W. had contact with T.E. only three or four times. G.W. has since been apprehended and, at the time of trial, faced up to five years in prison, though he believes he will be released in six to eight months. No evidence was presented to support this belief.

The State has made numerous efforts to reunite the family and provide G.W. with services. He has been unwilling to take advantage of these services because of his ongoing incarceration and escape from the Fort Des Moines Correctional Facility. G.W. has done little to provide for T.E., and the minimal effort put forth has been in direct violation of a prior no contact order. The juvenile court determined these minimal efforts were not intended to help the child meaningfully, but rather to provide G.W. with additional access to T.E.'s mother.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815, N.W.2d 764, 773 (Iowa 2012). We give weight to the factual findings of the juvenile court, particularly on matters of credibility, but we are not bound by them. *Id.*

## III.    Discussion

The district court terminated G.W.'s rights on five separate statutory grounds. We need find support on only one of the grounds to affirm the decision of the juvenile court. *See in re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007).

---

[3] T.E. was approximately twenty-one months old at the time of the termination trial.

Termination requires a three-step process. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). If grounds for termination exist under section 232.116(1), we determine if termination is in the best interests of the child under section 232.116(2). Finally, we examine whether any permissive exceptions under section 232.116(3) apply. G.W. focuses exclusively on grounds for termination under section 232.116(1) and does not offer arguments on sections 232.116(2) or (3). Accordingly, we will limit our review to section 232.116(1).

Section 232.116(1)(g) provides for termination where the child has been adjudicated in need of assistance, the court has previously terminated the parent's rights to another child from the same family, and there is clear and convincing evidence the parent continues to be unable or unwilling to respond to services and additional rehabilitation will not remedy the situation. This is such a case. T.E. has been adjudicated in need of assistance and G.W.'s parental rights have been terminated to each of T.E.'s four siblings. G.W.'s actions in quitting his job, violating the terms of his probation, and subsequently absconding, show he is unwilling to comply with the simplest requirements for maintaining a relationship with the child. He has had virtually no contact with the child due to his own actions and has taken no steps towards remedying his own parenting deficiencies. Taken in the context of the earlier terminations, it is clear G.W. continues to lack the ability and willingness to accomplish the simplest tasks that would allow him to parent the child, and additional time will be of little

use.  T.E. should not be required to wait while G.W. continues to make only minor efforts to reunite with the child.  *See A.B.*, 815 N.W.2d at 778.

**AFFIRMED.**