**IN THE COURT OF APPEALS OF IOWA**

No. 16-0290
Filed April 6, 2016

**IN THE INTEREST OF A.V.,**
**Minor child,**

**T.V., Mother,**
Appellant,

**C.S., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Carroll County, Adria Kester, District Associate Judge.

The mother and father separately appeal the termination of their parental rights to their minor child. **AFFIRMED ON BOTH APPEALS.**

Kevin E. Hobbs, West Des Moines, for appellant mother.

Mark J. Rasmussen of Rasmussen Law Office, Jefferson, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Janet L. Hoffman, Assistant Attorneys General, for appellee State.

Christine L. Sand of Wild, Baxter & Sand, P.C., Guthrie Center, for minor child.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

The mother and father of A.V., born in November 2014, separately appeal the termination of their parental rights. The mother and father both maintain the statutory grounds for termination were not proved by clear and convincing evidence, termination is not in A.V.'s best interests, and two permissive factors weigh against terminating their parental rights—the closeness of the parent-child relationship and a relative having care of the child.

## I. Background Facts and Proceedings.

The Iowa Department of Human Services (DHS) became involved with the family in December 2014 following allegations the mother was selling methamphetamine out of the family home. Initially, A.V. remained in her mother's care. The father was in and out of county jail, with one of the pending charges against him involving a domestic incident with A.V.'s paternal grandmother. That incident had taken place while the paternal grandmother was holding or caring for A.V., and the father was charged with child endangerment as a result.

The State filed a petition alleging A.V. was a child in need of assistance in February 2015. The petition stated that the mother had admitted using methamphetamine and marijuana.

An adjudicatory hearing was held on April 8, 2015, and the parents stipulated that the facts in the petition were true and A.V. was a child in need of assistance. A.V. remained in her mother's custody with the protective supervision of DHS. The father was being held in county jail.

A.V. was removed from her parents' custody on April 15, 2015. The mother had missed multiple appointments for evaluations that would enable her to enter a drug rehabilitation program. Additionally, a drug test taken by the mother came back positive for methamphetamine. When questioned about the result, the mother admitted using methamphetamine, marijuana, and alcohol. The court ordered A.V.'s custody with DHS and placed A.V. with the maternal grandparents.

During the pendency of the case, the father was convicted of four crimes: felon in possession of a firearm, domestic abuse assault, burglary in the third degree, and child endangerment. In July 2015, he was sentenced to a term of incarceration not to exceed five years.

On October 19, 2015, the State filed a petition to terminate both the mother's and the father's parental rights pursuant to Iowa Code section 232.116(1)(d), (e), (h), (j), and (l) (2015).

A hearing was held on the State's petition on January 7, 2016. The father appeared telephonically from prison. He testified he had a parole hearing scheduled in mid-February 2016, and he believed he would receive parole at that time. Otherwise, he had eleven more months before his sentence was discharged. Since he became incarcerated, the father had not had visits with, made phone calls to, or sent letters to A.V. He testified he was taking classes geared toward correcting his issues with criminal thinking, domestic violence, and anger. The father believed he had a place to live and an employment opportunity that he could take advantage of whenever he was released from prison. The father testified that he wanted to be a part of A.V.'s life, although his family

members testified they had never seen the father parent A.V., even before he was incarcerated.

At the hearing, the mother testified that she been sober for thirty-four days. On December 2, 2015, she had been admitted to a residential drug treatment program. The program was intended to last one to two years, and the mother intended to take advantage of the full two years of treatment. The mother admitted that she had been using methamphetamine throughout the entire case until the day she entered the rehabilitation program. She testified she first used methamphetamine approximately fourteen years earlier. She had maintained sobriety for "five to seven" years since then, but otherwise she had consistently used methamphetamine. The mother had been "successfully discharged" from drug treatment at least seven times previously, but she admitted that she had never stopped using during those treatments. The mother testified that A.V. would be allowed to move into the residential program with her almost immediately after the hearing, but the DHS social worker questioned whether that was possible. Typically the program only allowed children to move in with parents after the parent had met certain expectations, and the mother had not yet been in treatment long enough for that to have occurred.

The maternal grandmother had cared for A.V. since she was removed from the mother's care in April 2015. She was also responsible for supervising visits between the mother and A.V. The mother admitted that she had attended less than a quarter of the weekly visits she was scheduled to have. The maternal grandmother testified that the mother had only seen A.V. three times since August 2015. When she did visit, the mother did not bring toys, food, or diapers

with her. The maternal grandmother also testified she believed there was "no bond" between A.V. and the mother.

On February 1, 2016, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (e), and (h). The father's parental rights were terminated pursuant to section 232.116(1)(d), (e), (h) and (j).

The mother and father separately appeal.

**II. Standard of Review.**

We conduct a de novo review of termination of parental rights proceedings. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Evidence is considered "clear and convincing" when there are no serious or substantial doubts as to the correctness of conclusions of law drawn from the evidence. *Id.*

**III. Discussion.**

Iowa Code chapter 232 follows a three-step analysis governing the termination of parental rights. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The three-step framework is well established and need not be repeated here. *See id.*

When the juvenile court terminates parental rights on more than one ground, we may affirm the order on any ground we find supported by clear and convincing evidence in the record. *See D.W.*, 791 N.W.2d at 707. We choose to address each of the parents' grounds-for-termination challenges under

paragraph (h).[1] Paragraph (h) requires the State to establish by clear and convincing evidence the child is three years of age or younger, has been adjudicated a child in need of assistance, has been removed from the physical custody of the parents for at least six of the last twelve months, and cannot be returned to the custody of the child's parents as provided in section 232.102. *See* Iowa Code § 232.116(1)(h)(1)-(4). Each parent challenges the fourth element—that the child could not be returned to the parent's custody.

The father maintains the statutory grounds for termination were not met because A.V. could have returned to the mother's care at the residential treatment program and because "he believed he would be released in a short period of time and therefore could establish a meaningful relationship upon his release." First, we note that it is well-established that one parent does not have standing to advocate for the other's parental rights. *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007). Insofar as we are addressing the father's appeal, we do not consider whether A.V. could have been returned to the mother's care. Next, we are unconvinced by the father's argument that the grounds were not met because he anticipated receiving parole approximately five weeks after the hearing. Even if the father was correct, A.V. could not be returned to father's care even upon his release because the father had not seen A.V. in several months, and as the social worker testified, "[A.V.] wouldn't know who [the father] is because she has not had any kind of contact with him." Additionally, the father cannot use the incarceration as a justification for his lack of relationship with A.V.

---

[1] Although they appeal separately, the mother and father raise the same arguments and we will address them as one when possible.

*See In re C.A.V.*, 787 N.W.2d 96, 101 (Iowa Ct. App. 2010). The grounds for terminating the father's parental rights to A.V. pursuant to Iowa Code section 232.116(1)(h) have been met.

The mother maintains A.V. could have been returned to her care because she was sober and living at the residential facility; she faults the State for pursuing termination of her parental rights on a "'too little too late' theory." "The legislature has established time frames to balance the need to provide parents with a reasonable opportunity to resume care of their [child] and the [child's] long term best interests." *In re A.M.*, 843 N.W.2d 100, 109 (Iowa 2014). The mother continued to use methamphetamine for over seven months after A.V. was removed from her care before she sought treatment. It is undisputed that the mother did not enter treatment until after the petition to terminate had been filed. We acknowledge the progress the mother made leading up to the termination hearing, but the mother's month of sobriety was not enough to establish that she could parent A.V. full-time going forward. The social worker summed it up when she testified:

> [The mother] has a very lengthy history of drug abuse, she has two other children that she has been unable to care for on a full-time basis, and only recently has engaged in treatment. And, you know, although I am glad that she has sought that treatment, one month isn't enough of a time frame for me to be convinced that she's going to be able to maintain sobriety when we have such a long history of drug abuse in the past and some other treatment programs that have failed to result in sobriety.

Moreover, the mother often failed to exercise her to right to see A.V. throughout the pendency of the case, and the maternal grandmother testified there was "no bond" between the mother and A.V. In child welfare cases, we must follow the

statutory time line for permanency. *See In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998). The grounds for terminating the mother's parental rights to A.V. pursuant to Iowa Code section 232.116(1)(h) have been met.

Both parents maintain termination of their parental rights is not in A.V.'s best interests. A.V. is a young child who has not had much of a relationship, if any, with her mother or father for approximately half of her life. At the time of the termination hearing, she was being cared for by her maternal grandparents and her maternal aunt, and her aunt was a possible option for adoption. Neither parent has established that they can properly care for A.V. or provide her with a stable environment. Termination of the mother's and father's parental rights will enable A.V. to achieve permanency, which is in her best interests. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citing *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and her "need for a permanent home")).

Lastly, the parents maintain termination is not necessary because a relative had care of A.V. and termination would be detrimental to A.V. due to the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(a), (c). Iowa Code section 232.116(3)(a) allows the court to decline to terminate where a relative has *legal* custody of a child. Here, although A.V. was placed in the care of a maternal relative, she was still in the legal custody of DHS. This permissive factor is not applicable. Additionally, the record does not support either the mother's or father's assertion that termination of their parental rights would be detrimental to A.V; this permissive factor does not weigh against termination.

**IV. Conclusion.**

Because the father was incarcerated and the mother had only recently entered treatment for a longstanding addiction to methamphetamine, A.V. could not be returned to either parent's care. Termination of the parental rights is in A.V.'s best interests, and no permissive factor weighs against termination. We affirm.

**AFFIRMED ON BOTH APPEALS.**