# IN THE COURT OF APPEALS OF IOWA

No. 20-0039
Filed April 15, 2020

**IN THE INTEREST OF O.J. and L.J.,**
**Minor Child,**

**K.J., Mother,**
        Appellant,

**J.J., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.


        A mother and father separately appeal the termination of their parental rights to their children. **AFFIRMED ON BOTH APPEALS.**



        David C. Shinkle of Shinkle & Lynch, Des Moines, for appellant mother.

        Larry L. Ball, Jr., Altoona, for appellant father.

        Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

        Lynn Vogan of Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.


        Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

A mother and father separately appeal the termination of their parental rights to their children. Each contends the State failed to prove the grounds for termination by clear and convincing evidence, termination of their parental rights is not in the best interests of the children, and the court should allow an additional six months to achieve reunification. We affirm on both appeals.

**I. Background Facts & Proceedings**

K.J., mother, and J.J., father, are the parents of O.J. and L.J., both born in 2016, and two teenage children not part of this action. In March 2018, the parents voluntarily placed the toddlers with the mother's sister. The parents were subsequently reported to the department of human services (DHS) for using illegal substances, leading to a court-ordered removal of the children in July. The children were adjudicated children in need of assistance (CINA) in late August. The termination hearing was held on September 19 and October 21, 2019.

The children have chronic respiratory and other health issues requiring a moderately high level of care and frequent medical appointments. The mother missed some of O.J.'s medical appointments, and the father missed most medical appointments. Neither parent was aware of the necessary care for either child at the first day of the termination hearing. The parents completed a fraction of recommended parent-child therapy sessions, scheduling monthly instead of weekly sessions.

The father struggled with substance-abuse addiction throughout the CINA proceedings. He tested positive for methamphetamine and amphetamines multiple times. The father had a prescription for opiate medications and claimed

to take his opiate medications as prescribed. However, several of his drug tests came back negative of all substances—including no evidence of his opiate prescription. The father's opiate prescription was cut off in May, but he testified he continued to take leftover pills for two more months. He started an inpatient treatment program in July 2019 but left after just three days. The father then started an outpatient substance-abuse treatment program, which he was still participating in at the time of the termination hearings. He was not participating in the program at the recommended levels, but he did attend individual therapy on a regular basis. He tested positive for methamphetamine about a week before the first day of the termination hearing.

The mother was diagnosed with mental-health issues. She attended individual therapy on a regular basis. The mother successfully completed her recommended low-level substance-abuse treatment in January 2019. The mother attended some of the father's substance-abuse treatment group sessions. She testified she was in the process of looking for employment but had not applied for any jobs yet.

Both parents smoke cigarettes despite the children's ongoing respiratory issues. They stopped smoking in their home and cleaned it, but they acknowledge smoking in their vehicles. The mother conceded she has only "sort of" and "barely" attempted to stop smoking. The father identified smoking as an addiction he wishes to address in the future as part of his substance-abuse treatment.

There were allegations of domestic violence and verbal abuse in the past perpetrated by each parent against the other. At times the parents argued and

yelled at each other in front of the older children. The parents maintain their relationship and downplayed the reports.

The mother had previously told the court the father could not return home until finishing substance-abuse treatment. Yet, when the father left the inpatient program after less than a week, he moved back into the family home. After his September relapse, the father set up an apartment at his place of work but remained in the home through the termination hearing.

The court terminated each parent's rights as to the children under Iowa Code section 232.116(1)(h) (2019). Each parent separately appeals.

## II. Standard of Review

We review termination-of-parental-rights cases de novo. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). "There must be clear and convincing evidence of the grounds for termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). The paramount concern in termination proceedings is the best interests of the child. *M.D.*, 921 N.W.2d at 232.

## III. Analysis

**A. Grounds for termination.** Each parent contends the State did not prove the grounds for termination by clear and convincing evidence. The court terminated each parent's rights under Iowa Code section 232.116(1)(h).

> Under Iowa Code section 232.116(1)(h), the court may terminate the rights of a parent to a child if: (1) the child is three years old or younger, (2) the child has been adjudicated a CINA under section 232.96, (3) the child has been out of the parent's custody for at least six of the last twelve months or the last six consecutive months, and (4) "[t]here is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time."

*In re A.M.*, 843 N.W.2d 100, 110–11 (Iowa 2014) (quoting Iowa Code § 232.116(1)(h)). There is no dispute the first three elements are met as to both children. Each parent only contests the final element—whether the children could be returned to the parents' custody.

The father claims the State failed to establish the mother could not resume custody of the children at the present time and the father should be allowed an additional six months to achieve reunification. The father does not have standing to assert legal arguments on behalf of the mother in order to prevent the termination of his parental rights. *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007). Considering the father's relapse less than ten days before the first part of the termination hearing, clear and convince evidence supports he could not take custody of the children at the present time.

Whether the children could return to the mother is more complicated. However, incidents and concerns that individually might be trivial or nebulous can, when considered in the overall context, establish the children cannot be returned to the parent's care. *See A.M.*, 843 N.W.2d at 112. The mother testified she did not have concerns about the father's substance abuse, and her lack of awareness of the father's relapses indicates she has been unable to identify when the father has been using illegal substances. She recognizes actions she should take to resume custody of the children—such as quitting smoking, attending counseling, and obtaining a job—but has not taken any steps to accomplish these tasks. The mother expressed a desire to maintain her relationship with the father and has not demonstrated an ability to care for or support the children on her own. Despite the

mother's participation in services, neither service providers nor the guardian ad litem were able to recommend reunification with the mother.

We find clear and convincing evidence supports termination of each parent's rights.

**B. Six-month extension.** Each parent requests an additional six months to achieve reunification. "[O]ur legislature has carefully constructed a time frame to provide a balance between the parent's efforts and the child[ren]'s long-term best interests." *In re D.W.* 791 N.W.2d 703, 707 (Iowa 2010). We do not require young children to wait for a stable and responsible parent. *Id.* Here, that time frame passed many months before the State filed the termination petition. To grant a six-month extension, the court must "enumerate specific factors, conditions, or expected behavioral changes" providing a basis to determine removal will no longer be necessary at the end of that time period. Iowa Code § 232.104(2)(b).

The father recognizes steps he needs to take to resume care of the children—including completing substance-abuse treatment and stopping smoking—but seems unwilling or unable to follow through. The children had been out of the house over eighteen months at the time of the termination hearing, yet the father had made little progress in addressing his substance-abuse problems and committing to treatment and a permanent end to his use of illegal substances. He referred to his drug use as "dabbling," failed to recognize the effect his use of illegal substances could have on the children's lives, and continued to have contact with the children during his relapses. An extension is not warranted under these circumstances.

The mother also recognizes steps to resume care of the children, including to find employment and stop smoking. She took no steps to achieve either, despite indicating to the court months earlier she planned to take action. The mother gave the court no reason to believe she was able to care for the children apart from the father, and, given her history of failing to follow through on actions she knows are necessary, we find an extension is unwarranted.

**C. Best interests of the children.** Each parent claims termination of their individual parental rights is not in the children's best interests. We "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *Id.*§ 232.116(2). Once the State has proved a ground for termination, we do not deprive children of permanency in hopes that "someday a parent will learn to be a parent." *A.M.*, 843 N.W.2d at 112 (citation omitted).

No one disputes the love between the parents and the children. However, the parents have only seen the children in relatively short visits for more than a year and a half. Despite the extended period of time, the father continues to relapse while in the home. The parents have made little to no effort to stop smoking cigarettes despite the children's chronic respiratory problems. The parents have not resolved the issues leading to the children's removal. The parents are not the best placement to further the children's growth and health, and termination of the parents' rights is in the best interests of the children.

**AFFIRMED ON BOTH APPEALS.**