# IN THE COURT OF APPEALS OF IOWA

No. 20-0693
Filed July 22, 2020

**IN THE INTEREST OF J.G.,**
**Minor Child,**

**J.G., Father,**
        Appellant.

_____


        Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block,

Associate Juvenile Judge.


        A father appeals the juvenile court order terminating parental rights.

**AFFIRMED.**


        Dennis M. Guernsey, Waterloo, for appellant father.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

        Tammy L. Banning of Juvenile Public Defender's Office, Waterloo, attorney

and guardian ad litem for minor child.


        Considered by Doyle, P.J., May, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**CARR, Senior Judge.**

The juvenile court terminated the parental rights of both the mother and the father of six-year-old J.G. The mother does not appeal, and the termination of her parental rights is final. The father has appealed, but he only argues that there is insufficient evidence establishing the statutory grounds for termination of the mother's rights and that termination of the mother's rights is contrary to the child's best interests. The father is without standing to contest termination of the mother's parental rights. *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007) (noting one parent does not have standing to assert an argument on behalf of the other parent); *In re D.G.*, 704 N.W.2d 454, 459 (Iowa Ct. App. 2005) (noting that termination of parental rights is a separate adjudication as to each parent, both factually and legally, preventing one parent from joining the other parent's appeal regarding termination); *see also In re C.T.*, No. 18-2199, 2019 WL 1055897, at *1 n.1 (Iowa Ct. App. Mar. 6, 2019) (collecting cases rejecting challenges to termination of one parent's rights based solely on the assertion that the child could or should be returned to the other parent).

The father fails to advance any argument concerning the termination of his own parental rights. He therefore waives any claim of error. *See L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa Ct. App. 2013) ("Where a party has failed to present any substantive analysis or argument on an issue, the issue has been waived."); *see also Richardson v. Neppl*, 182 N.W.2d 384, 390 (Iowa 1970) ("A proposition neither assigned nor argued presents no question and need not be considered by us on review.").

Even assuming the father raised the claims he advances regarding the mother with regard to himself, the record clearly shows termination of the father's parental rights is appropriate under Iowa Code section 232.116(1)(f) (2019). At the time of the termination hearing, the father was incarcerated, had unaddressed substance-use and mental-health issues, and lacked a relationship with the child. *See* Iowa Code § 232.116(1)(f)(4) (requiring "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents"); *In re D.W.,* 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing"). Because the father is unable to provide the child with a safe and permanent home, termination is in the child's best interests. *See* Iowa Code § 232.116(2) ("In considering whether to terminate the rights of a parent under this section, the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."); *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (stating that a child's safety and need for a permanent home are the defining elements in making the best-interests determination).

We affirm the termination of the father's parental rights.

**AFFIRMED.**