**IN THE COURT OF APPEALS OF IOWA**

No. 21-0507
Filed October 20, 2021


**IN THE INTEREST OF L.J.,**
**Minor Child,**

**S.J., Father,**
    Appellant.
_____


Appeal from the Iowa District Court for Polk County, Kimberly S. Ayotte, District Associate Judge.


A father appeals the termination of his parental rights to his child. **AFFIRMED.**


Nicholas Einwalter, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee, State.

Paul White of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.


Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

A father appeals the termination of his parental rights to his child, born in 2020. He argues (1) the State failed to prove two of the three grounds for termination cited by the district court; (2) termination was not in the child's best interests; and (3) the court should have granted an exception to termination.

The district court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(b) (2021) (abandonment), (e) (lack of significant and meaningful contact), and (h) (child cannot be returned to parental custody). The father only challenges the evidence supporting the first two grounds. Accordingly, we may affirm on the unchallenged ground. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (finding it unnecessary to discuss the grounds for termination where the father did not challenge them); *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999) ("When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm."). We elect to do so, but we believe it prudent to summarize the evidence supporting the district court's conclusion that the child could not be returned to the father's custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4).

The child's parents used methamphetamine. Following the child's birth, the mother left an inpatient treatment facility and resumed her methamphetamine use. The State applied to have the child removed from her care. The district court granted the application and later adjudicated the child in need of assistance.

The father was in jail for a large share of the period between removal and termination. When he was in the community, he used methamphetamine. At the

termination hearing, he was asked when he last consumed the drug. He responded, "Hours prior to my arrest." His most recent arrest was just two months before the termination hearing. The father acknowledged he had a history of methamphetamine use and said he had not received any kind of treatment.[1]

The father further admitted he was in jail on pending criminal charges at the time of termination and admitted the child could not be placed in his care. His concession explains the absence of a challenge to termination under section 232.116(1)(h).

We turn to the father's contention that termination was not in the child's best interest. He relies on the district court's grant of "a six-month extension" to the mother "to continue to work towards reunification." In his view, placement with the mother "would be . . . appropriate." The father lacks standing to make this argument. *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007) (stating the father "did not have standing to assert [an] argument on [the mother's] behalf in an effort to ultimately gain a benefit for himself, that is, the reversal of the termination of *his* parental rights"). But even if we could overlook that procedural hurdle, the father had many other hurdles to surmount before he could safely parent the child. In addition to his untreated substance abuse and his incarceration, he only minimally availed himself of the four weekly visits that were offered. When asked about his interactions, he estimated he saw the child at birth and five or six times after that. We conclude termination was in the child's best interests.

---

[1] The record suggests he received some outpatient services.

We are left with the father's assertion that the district court should have invoked an exception to termination based on placement of the child with the mother.  *See* Iowa Code § 232.116(3)(a).  The father acknowledges the child was "not currently in the legal custody of" his mother.  As the State points out, the exception only applies "when a relative actually has custody of the child, which was not the case at the termination trial."  *See In re H.J.*, No. 21-0601, 2021 WL 4303635, at *3 (Iowa Ct. App. Sept. 22, 2021).

On our de novo review of the record, we affirm the district court's termination of the father's parental rights to the child.

**AFFIRMED.**