**IN THE COURT OF APPEALS OF IOWA**

No. 21-1513
Filed March 30, 2022

**IN THE INTEREST OF T.T. and D.J.,**
**Minor Children,**

**T.T., Father,**
　　Appellant,

**K.T., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

　　A mother and father separately appeal following the termination of the mother's parental rights. **AFFIRMED ON BOTH APPEALS.**

　　Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, for appellant father.

　　Devin M. Davis, Des Moines, for appellant mother.

　　Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

　　Shireen L. Carter of Shireen Carter Law Office, PLC, Norwalk, attorney and guardian ad litem for minor children.

　　Considered by May, P.J., and Schumacher and Badding, JJ.

**MAY, Presiding Judge.**

A mother appeals the termination of her parental rights to her children, T.T. and D.J.[1]  She challenges the statutory grounds authorizing termination and whether termination is in the best interests of the children.  We affirm.

We review termination proceedings de novo.  *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020).  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence."  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (internal citations omitted).

We generally use a three-step analysis to review the termination of a parent's rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination.  *Id.* at 472–73.  "However, if a parent does not challenge a step in our analysis, we need not address it."  *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

The mother challenges the statutory grounds authorizing termination.  The juvenile court found the statutory grounds under Iowa Code section 232.116(1)(e) and (f) (2021) satisfied with respect to D.J., and section 232.116(1)(e) and (h)

---

[1] The juvenile court also terminated D.J.'s father's parental rights, and he does not appeal.  The juvenile court did not terminate T.T.'s father's parental rights, and the goal for T.T.'s father remained reunification.  However, T.T.'s father filed a petition on appeal arguing that *the mother's* parental rights over T.T. should not have been terminated.  The father does not have standing to argue on the mother's behalf. *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007).

satisfied with respect to T.T. Where, as here, the juvenile court terminates under multiple statutory grounds, we may affirm on any ground satisfied. *In re J.D.*, No. 21-0391, 2021 WL 3379037, at *1 (Iowa Ct. App. Aug. 4, 2021). With respect to D.J., we choose to address paragraph (f), which authorizes termination when:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve months of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f). With respect to T.T., we choose to address paragraph (h), which authorizes termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

*Id.* § 232.116(1)(h).

On appeal, the mother limits her challenges to the fourth element of both paragraphs, whether the children could be returned to the mother's home. *See id.* § 232.116(1)(f)(4), (h)(4). This element is satisfied when the State establishes the children cannot be safely returned to the parent at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

In our de novo review, we agree with the juvenile court that the children could not be safely returned to the mother. This family originally came to the attention of the Iowa Department of Human Services (DHS) when the mother was arrested for a probation violation. The mother consented to temporary removal because D.J. had no one to care for him.[2] D.J. was later returned to the mother's care under the condition that the mother live with the maternal grandmother. But not long after, DHS was unable to contact the mother to conduct home visits or schedule drug screens. Because of the mother's non-cooperation, both D.J. and T.T. were removed and later adjudicated in need of assistance.[3]

Since removal, the mother has left her substance-abuse issues unresolved. During the course of this case, the mother tested positive for marijuana, cocaine, and methamphetamine at various points. On other occasions, the mother missed tests, which we presume would have been positive. *See In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021) (collecting cases). The mother has denied using anything other than marijuana. And she has failed to complete a substance-abuse treatment program. The mother attempted outpatient treatment, but she was unsuccessfully discharged after just three sessions. And after that, the mother left the state for several months without notifying DHS or any of her caseworkers.

Like the juvenile court, we are concerned by the mother's unresolved substance-abuse issues, her failure to adequately address her mental-health

---

[2] Relevant to this case, the mother violated her probation by failing to complete a substance abuse evaluation or a mental health evaluation for a prior charge.

[3] T.T. originally came to DHS's attention for testing positive for marijuana at birth.

needs, and her "unwillingness to honestly engage with services" offered to her. Returning the children would subject them to the same risks that led to removal in the first place. The State has proven the children could not be returned to the mother.

Next, we turn to whether termination is in the best interests of the children.[4] *See* Iowa Code § 232.116(2). We conclude termination is the best path forward for these children. During the pendency of this case, the mother's progress toward reunification has come in fits and starts. At times, the mother has shown some efforts toward sobriety. Yet she has been unable to make a sustained effort. And she disappears from the state for months at a time. Plus, her continued relationship with T.T.'s father is legitimate cause for concern. Recorded jail calls reveal that—during the course of this action—the mother and T.T.'s father made plans to thwart DHS drug screens by using other people's urine, bleach, and other options.

Meanwhile, D.J. and T.T. continue to grow older. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be

---

[4] In this portion of her petition on appeal, the mother makes passing reference to the permissive exceptions to termination in Iowa Code section 232.116(3). She also alludes to the bond between the mother and children but does not point to specific record evidence to support this claim. "[P]assing reference to an issue, unsupported by authority or argument, is insufficient to raise the issue on appeal." *State v. Louwrens*, 792 N.W.2d 649, 650 n.1 (Iowa 2010). To the extent this issue has been properly identified, we decline to apply a permissive exception to termination here. As explained, we believe termination is in the children's best interests.

a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010) (quoting Iowa Code § 232.116(2)).

T.T. and D.J. need and deserve permanency, stability, and safety. Termination offers their best opportunity to achieve those goals. And like the juvenile court, we conclude termination is in their best interests. *See In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010) ("[O]ur consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parent]'s inability to provide for [the child]'s developing needs.").

**AFFIRMED ON BOTH APPEALS.**