**IN THE COURT OF APPEALS OF IOWA**

No. 17-1251
Filed November 8, 2017

**IN THE INTEREST OF J.J.-N., J.J.-N., AND J.J.-N.,**
Minor children,

**R.N.-E., Mother,**
        Appellant,

**J.J., Father**
        Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Julie Schumacher, District Associate Judge.

A mother and father separately appeal from the order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant mother.

Patrick T. Parry, Sioux City, for appellant father.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Jessica Noll of Deck Law L.L.P., Sioux City, guardian ad litem for minor children.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

A mother and father separately appeal from the order terminating their parental rights. The mother argues termination was inappropriate because she should have been given an additional six months to work toward reunification. The father argues the State failed to prove by clear and convincing evidence that the circumstances leading to adjudication still exist and that the offer or receipt of services would correct the conditions that led to adjudication. In addition, he argues the court did not give primary consideration to the children's best interests.

## I. Background Facts and Proceedings

The three children at issue were born in October 2010, November 2011, and December 2014. The mother and children came to the attention of the Iowa Department of Human Services (DHS) in April 2015 on a report of methamphetamine use. The father was incarcerated at that time.

The children were adjudicated children in need of assistance (CINA) in June 2015 but were placed with the mother due to her participation at the Women and Children's Center. The mother participated with Family Treatment Court and Parent-Child Interaction Therapy (PCIT) in the summer of 2015. Throughout the fall of 2015 the mother worked with a parent partner and obtained employment. The mother also had mental-health issues, and it was recommended she participate in therapy. In October 2015, due to a lack of daycare, the mother indicated she would discontinue Family Treatment Court due to her work schedule. In December, she pleaded guilty to a felony in South Dakota and stopped participating in PCIT. She was encouraged to return to

PCIT. The mother and children moved to Sanctuary Apartments, and the mother also completed a parenting class.

At a dispositional hearing in May 2016, the court noted the mother was struggling with the children's behavior and was unmotivated to learn parenting skills. The mother also bought a car with a high monthly payment and requested funds from DHS to provide car seats for the children. The father was placed at a residential-treatment facility following his release from prison in the spring of 2016. The mother indicated she hoped to move in with the father following treatment.

At the November 2016 dispositional hearing, the mother indicated she and the children were evicted from Sanctuary Apartments the preceding August due to nonpayment of rent and her housing assistance had been revoked. The mother and father admitted living together starting in August 2016. The mother also stopped working and failed to complete a substance-abuse evaluation. Both parents were on probation, and their probation officer reported neither was compliant with their probation requirements. At a family team meeting in October 2016, the court stressed to the parents the importance of completing services and complying with probation requirements. A modification hearing in January 2017 ultimately upheld the placement with the parents.[1] A child-abuse assessment completed January 11, 2017, was founded for denial of critical care

---

[1] In a November 9, 2016 order, the court stated any exhibits for the January hearing needed to be filed by January 13, 2017. Three exhibits entered by the State were filed late. Both parents objected and the exhibits were not considered. The exhibits that were admitted were not enough to sustain the modification petition.

from both parents due to the presence of methamphetamine in the home which was accessible by the children.

On February 9, 2017, the Woodbury County Sheriff's Department attempted to arrest both parents for probation violations. The father evaded arrest by using security cameras placed around the home, but the mother was arrested. The children were placed in protective custody. The sheriff's department found methamphetamine and drug paraphernalia in the home. Hair stat testing on the children showed all three had been exposed to methamphetamine, and the youngest child had the highest exposure. All three children were visibly upset upon their removal from the home. Following placement, the oldest two children asked the foster parents if they could stay forever. The foster parents noted significant dental issues for one child, and another had missed seven immunization shots.

The children remained in DHS custody following the April 2017 hearing. The mother was sentenced to prison and the father was booked in county jail in April 2017. The termination petition was filed on July 7, 2017, and the hearing was July 20, 2017. The district court concluded the parents' admissions to use of methamphetamine, substantial history of illegal substance abuse and criminal activity, continuing presence of the issues related to the reasons for adjudication, and failure to complete services resulted in a determination that the children could not be returned to the parents at the time of the termination hearing or in the reasonable future. The court also considered the removal and placement history of the children, the foster placement, and possibility of the future placement with a paternal aunt in Maryland when it denied the requests of both

parents for an additional six months to work toward reunification. Both parents appeal.

## II. Standard of Review

Appellate courts review termination-of-parental-rights proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the factual findings of the district court but are not bound by them. *In re Dameron*, 306 N.W.2d 743, 745 (Iowa 1981).

## III. The Mother's Claim

The mother's sole argument is that the district court should have granted her six months to work toward reunification pursuant to Iowa Code section 232.104(2)(b) (2017). In order to approve an extension, the district court must determine "the need for removal . . . will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b); *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005). In some instances extensions are appropriate, but judges must be particularly aware of time that is lost for children if the plan fails. *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987).

The mother argues that we are presented with "two separate cases," and her circumstances should be considered separately from the father's. She insists the father's potentially lengthy incarceration eliminates his negative presence in her life and will allow her to reunify with the children. We acknowledge separate claims are made, but we will not examine the mother's history in a vacuum.[2]

---

[2] The best interests of children are a vital consideration, in which a parent's history and past performance provide insight to the question of whether the parent is able to provide for the child in the future. *Dameron*, 306 N.W.2d at 745.

The mother has, in periods of separation from the father, maintained sobriety and engaged with some services. She has also chosen reunification with the father and use of illegal substances over providing an appropriate environment for the children. The mother says the relationship with the father is over, but we are not convinced the mother would put the children's interests ahead of her relationship with the father in the future. Even when the father was incarcerated, the mother failed to complete Family Treatment Court and PCIT, she prioritized impulsive spending, her housing was unstable, and she was unmotivated to learn skills to appropriately engage with her children. The mother has also relapsed multiple times and has an extensive criminal history.

The mother also argues that her expected work release in October 2017 would allow her to visit with the children if the extension were granted. This would require the children to remain in the area for that time, delaying a possible placement with a paternal aunt in Maryland. The children have been under the court's jurisdiction since April 2015, twenty-seven months at the time of the termination order. Although the law requires patience with parents attempting to remedy a lack of parenting skills, we do not require children to wait for a parent to see the light. *Id.*; *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998).

While we acknowledge the mother's periodic efforts, we agree with the district court that an additional six months of services will not remedy the need for removal. We affirm the district court's denial of the mother's request for a six-month extension.

**IV. The Father's Claims**

The father's rights were terminated under section 232.116(1)(d) and (i). He appeals both grounds. A termination will be upheld if a single ground is established. *In re N.N.*, 692 N.W.2d 51, 55 (Iowa Ct. App. 2004). In addition, he claims termination is not in the children's best interests under section 232.116(2).

Proceedings to terminate parental rights follow a three-step process in which a court must first determine whether a ground for termination exists under section 232.116(1). *P.L.*, 778 N.W.2d at 40. If a ground exists, courts will then consider the best interests of the children under section 232.116(2), and exceptions to termination under section 232.116(3). *Id.* Appellate courts need not discuss any steps not raised on appeal. *Id.* Because the father does not raise a claim under 232.116(3), we will not address that step.

A. Grounds for Termination Pursuant to Section 232.116(1)(i)

The father specifically challenges the evidence to support the court's finding that section 232.116(1)(i)(3) was satisfied, specifically that "[t]here is clear and convincing evidence that the offer or receipt of services would not correct the conditions which led to the abuse or neglect of the child within a reasonable period of time." He argues both parents could have benefitted from further substance-abuse treatment and "hoped that sobriety would be established following their respective periods of incarceration."[3]

The district court noted that over the course of proceedings the father was offered multiple services including substance-abuse treatment, NA/AA meetings,

---

[3] The father argues for both parents here. He does not have standing to argue for the mother. *In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007).

and hair stat testing. Despite the offer of services, the father was not successful in addressing his substance abuse. Upon examination of the home following the mother's arrest in February 2017, methamphetamine was found within the reach of the children and all three children tested positive for the substance. Also, the father's continuing violation of his probation requirements led to his arrest in February 2017.

Clear and convincing evidence exists when no "serious or substantial doubts" exist regarding legal conclusions based on the evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). The law grants patience to parents who need to learn to parent appropriately, but that patience is built into the timeline created in chapter 232. *A.C.*, 415 N.W.2d at 613. The statutory timeline "is to prevent children from being perpetually kept in foster care and to see that some type of permanent solution is provided for the children." *In re J.P.*, 499 N.W.2d 334, 339 (Iowa Ct. App. 1993). The State must extend reasonable efforts to reunify a parent and child consistent with a child's best interests. *C.B.*, 611 N.W.2d at 493. If a service has not been offered, it is the parent's job to demand it. *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997).

The father's substance abuse has been a bar to reunification with the children, and he now argues he should be given another chance at treatment. However, this is not a situation where treatment has not been offered. We agree with the district court that the father has failed to address his substance abuse despite being offered services to do so, and that granting additional time for the father to complete treatment would cause further harm to the children by delaying permanency. We affirm termination pursuant to Iowa Code section 232.116(1)(i).

B. Best Interests

The father's final argument is that termination is not in the best interests of the children as defined in section 232.116(2). Courts must give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41.

The record reveals the father cannot provide a stable home for the children at any time in the foreseeable future. He faces a number of criminal charges in Iowa, Nebraska, and South Dakota, and he admitted at the termination hearing there is a possibility of a fifteen-year suspended sentence being imposed in Iowa. The father has also failed to address his substance-abuse issues. The children are doing well in their current foster placement and have the possibility of an adoptive placement with a paternal aunt in Maryland. On our de novo review, we agree with the district court that termination of the father's parental rights is in the children's best interests.

Accordingly, we affirm the termination of the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**