## IN THE COURT OF APPEALS OF IOWA

No. 18-2029
Filed February 20, 2019

IN THE INTEREST OF I.S.,
Minor Child,

E.M., Father,
     Appellant.

_____

Appeal from the Iowa District Court for Louisa County, Emily Dean, District Associate Judge.

A father appeals the permanency order regarding his minor child. **AFFIRMED.**

William Monroe, Burlington, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Trent A. Henkelvig, Danville, for mother.

Timothy K. Wink of Schweitzer & Wink Law Firm, Columbus Junction, guardian ad litem for minor child.

Considered by Vogel, C.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Chief Judge.**

The father of I.S., born 2009, appeals the juvenile court's permanency order, which affirmed I.S. as a child in need of assistance (CINA), continued her placement with her great-aunt, ordered visitation with her parents to be at the discretion of the Iowa Department of Human Services (DHS), and directed an order be entered to transfer guardianship and custody to the child's great-aunt.[1]  The mother does not appeal; however, she filed a response generally agreeing with the permanency order.  We review de novo.  *In re D.S.*, 563 N.W.2d 12, 14 (Iowa Ct. App. 1997).

I.S. was removed from the home in May 2017 and was initially placed with her paternal grandmother.  She was moved to the care of her paternal great-aunt one year later, in May 2018.  Following this move, the father began to protest I.S.'s placement and minimally participated in offered services.

Finding the father to be ill-suited to care for I.S. on a full-time basis, the juvenile court entered a permanency order on November 5, 2018.  On appeal, the father asserts I.S. should have been placed with him because there was no evidence she would suffer adjudicatory harm in his care.  The record, however, does not support his contention.  *See In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992) ("[A] child cannot be returned to the parent . . . if by doing so the child would be exposed to any harm amounting to a new [CINA] adjudication.").  A substance-abuse evaluation revealed the father had a marijuana use disorder.  He admitted

---

[1] *See* Iowa Code section 232.104(8)(b) (2017) ("[T]he court may close the child in need of assistance case by transferring jurisdiction over the child's guardianship to the probate court.").

to daily marijuana use, which he attributes to managing his chronic pain issues. During the hearing the father testified, "It's an hourly condition. I get exhausted from doing simple things . . . . Just severe pain and discomfort." He admitted to using opiate pain medications, and he tested positive for both marijuana and methamphetamine in September 2018. His housing has been questionable, moving from place to place and at times being homeless, but he claimed at the permanency hearing to be in a mobile home he shares with his girlfriend. He has not addressed his anger issues. We agree with the juvenile court I.S. could not be placed with the father, and it is in her best interest to maintain her in the care of her great-aunt.[2]

The father also claims for the first time on appeal the permanency order should have included a "parental visitation provision," although visitation was left at the discretion of DHS. The mother, while not appealing the permanency order, asserts a similar claim in her responsive petition. As the State points out, the father's claim is not preserved. *See In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) (stating issues in a permanency proceeding "must be presented to and ruled upon by the district court in order to preserve error for appeal"). Additionally, he cannot assert a claim on behalf of the mother, *see In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007), and the mother cannot raise a claim in a responsive petition. *See* Iowa Rs. App. P. 6.201, .202. Aside from any potential procedural missteps, we find no basis to amend the permanency order, which left visitation at the discretion

---

[2] On the same day the permanency order was filed, the juvenile court transferred jurisdiction to the probate court. On November 8, upon the filing of the court officer's oath, letters of appointment issued for I.S.'s guardian. *See* Iowa Code §§ 633.168, .178.

of DHS while directing the opening of a guardianship proceeding.  Now under the jurisdiction of the probate court, any visitation issues are better addressed in that forum.

**AFFIRMED.**