# IN THE COURT OF APPEALS OF IOWA

No. 18-2199
Filed March 6, 2019

**IN THE INTEREST OF C.T.,**
**Minor Child,**

**D.T., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District

Associate Judge.

A father appeals the termination of his parental rights to his child.

**AFFIRMED.**

Kelsey Knight of Carr Law Firm, P.L.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

ConGarry Williams of Juvenile Public Defender's Office, Des Moines,

guardian ad litem for minor child.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**DOYLE, Presiding Judge.**

A father appeals the termination of his parental rights to his child. We review his claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The child was removed from the mother's care shortly after birth in January 2018. The juvenile court adjudicated the child to be in need of assistance. The father's paternity was established in April 2018, but the father was unable to parent the child because he was in jail awaiting trial on various drug-related criminal charges. The State filed a petition to terminate both the mother's and the father's parental rights in September 2018. After a hearing, the juvenile court entered an order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(g) and (h) (2018) and the father's parental rights pursuant to Iowa Code section 232.116(e) and (h). The father appealed.

The father first contends the State failed to prove the grounds for termination by clear and convincing evidence. Although the juvenile court terminated parental rights on more than one ground, we need only find grounds to terminate under one of the subsections cited by the juvenile court to affirm. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). With regard to the termination of his parental rights pursuant to section 232.116(1)(h), the father does not dispute the State's proof concerning the elements of that section. He instead argues the child could be returned to the custody of the mother, "thereby negating the necessity of terminating [his] parental rights." He ignores the fact that the mother's parental rights were terminated. In any event, he does not have standing to assert

such an argument.[1]  *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007) (stating the father did not have standing to assert an argument on the mother's behalf "in an effort to ultimately gain a benefit for himself, that is, the reversal of the termination of his parental rights"); *In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005) (stating that one parent cannot assert facts or legal positions pertaining to the other parent).  Accordingly, we affirm the termination of the father's parental rights pursuant to section 232.116(1)(h).

The father also contends termination is not in the child's best interests.  *See In re D.W.*, 791 N.W.2d 703, 706-07 (Iowa 2010) ("If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights.").  In making this determination, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional

---

[1] This court has consistently rejected challenges to termination of one parent's rights based solely on the assertion that the child could or should be returned to the other parent. *See, e.g.*, *In re P.W.*, No. 18-1030, 2018 WL 3650383, at *2 (Iowa Ct. App. Aug. 1, 2018) (stating father did not have standing to assert child could have been placed in the mother's care in an effort to reverse termination of his parental rights); *In re A.G.*, No. 17-1177, 2017 WL 4570408, at *1 n.1 (Iowa Ct. App. Oct. 11, 2017) (finding father was not allowed to argue against termination of the mother's parental rights in order to remain in the child's life as a noncustodial parent); *In re J.M.*, No. 16-1108, 2016 WL 4544382, at *4 (Iowa Ct. App. Aug. 31, 2016) (stating father lacked standing to argue that neither his parental rights nor the mother's should have been terminated because the children could have been returned to the mother's custody); *In re B.G.*, No. 15-1346, 2015 WL 5970343, at *2 (Iowa Ct. App. Oct. 14, 2015) (rejecting incarcerated mother's challenge to termination of her parental rights based on assertion that the children could be returned to the father's care, stating "the mother cannot benefit on appeal from urging the rights of the father"); *In re L.J.*, No. 12-1410, 2012 WL 4513813, at *1 (Iowa Ct. App. Oct. 3, 2012) (finding father appealing termination of his parental rights lacked standing to make claims and arguments that relate solely to the termination of the mother's parental rights); *In re N.C.*, No. 12-0711, 2012 WL 2124132, at *2-3 (Iowa Ct. App. June 13, 2012) (finding father had no standing to appeal termination of his parental rights based entirely upon his assertion that the child could be returned to the mother).

condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The father claims termination is not in the child's best interests because he is "willing and able to access any necessary services and be available to parent" the child and that participation in these services *could* allow him to one day provide support for the child in the form of a home, emotional support, or economic support. Despite his proclaimed willingness to engage in these services, the father has been unable to do so due to his jailing on criminal charges. Although the preliminary criminal complaint was filed in September 2017, the trial has been continued a number of times, most recently in October 2018 when the father obtained new counsel just prior to the start of trial.

Even assuming the father is released following trial and is able to engage in services, we find termination is in the child's best interests. Once the grounds for termination have been proved, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the [statutory] period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). The father has a lengthy criminal record and unaddressed substance-abuse and mental-health issues. Resolving these

issues will take time, which we will not demand of the child. Children are not equipped with pause buttons, and delaying their permanency in favor of a parent is contrary to the children's best interests. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *A.C.*, 415 N.W.2d at 614 (noting that in considering whether to allow a parent additional time to remedy parenting deficiencies, the court should "constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home"). The child needs permanency, and the loss of future emotional support from a father the child has never met does not outweigh that need. The loss of financial support is an insufficient reason not to terminate parental rights if termination is otherwise in the child's best interests. *See H.S.*, 805 N.W.2d at 746-49.

The State has proved the grounds for termination by clear and convincing evidence, and termination is in the child's best interests. Accordingly, we affirm the order terminating the father's parental rights.

**AFFIRMED.**