# IN THE COURT OF APPEALS OF IOWA

No. 20-1351
Filed December 16, 2020

**IN THE INTEREST OF L.M.,**
**Minor Child,**

**A.M., Mother,**
     Appellant,

**J.P., Father,**
     Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Mark C. Cord III, District Associate Judge.

A mother and father each appeal the juvenile court order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Theresa Rachel of Fankhauser, Farrens & Rachel, PLC, Sioux City, for appellant mother.

Jessica R. Noll of Deck Law PLC, Sioux City, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Michelle M. Hynes of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., Greer, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

A mother and father each appeal the juvenile court order terminating their parental rights. We find there is sufficient evidence in the record to support terminating the parents' rights, termination in the child's best interests, and the circumstances do not warrant granting the parents additional time to work on reunification. We affirm on both appeals.

## I. Background Facts & Proceedings

A.M., mother, and J.P., father, are the parents of L.M., born in 2019. The child tested positive for methamphetamine, amphetamines, and marijuana at the time of birth. The father was arrested for probation violations relating to drug use on the day the child was born. The mother entered a substance-abuse treatment program that allowed the child to remain in her care.

The child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(b), (c)(2), (n), and (o) (2019). After the father was released from jail in October, the mother quit attending outpatient treatment and had two positive drug tests. On October 29, the mother voluntarily placed the child in the care of the maternal aunt. The parents did not participate in services other than supervised visitation. On December 12, the juvenile court formally removed the child from the parents' care.

The parents have a history of domestic violence. The parents continue to have a romantic relationship and, except for the mother's counseling just two weeks before the termination hearing, neither parent took any steps to address the problems with domestic violence. The parents each began a substance-abuse treatment program but were unsuccessfully discharged in February 2020. The

mother entered an inpatient substance-abuse treatment program on May 7. She completed that program and entered a half-way house. On April 7, the father was arrested for possession of methamphetamine, which was a violation of his probation. He was arrested again on May 8.

On June 19, the State filed a petition seeking termination of the parents' rights. At the time of the termination hearing on July 24, the mother was participating in extended outpatient treatment while living in a half-way house. She began counseling for domestic abuse on July 10. The father was in jail for probation violations. He was expected to be released in September.

The juvenile court entered an order on October 6, terminating the parents' rights under section 232.116(1)(d), (e), (h), and (*l*) (2020). The court found:

> [T]he child could not be returned to the custody of either parent due to their ongoing unstable lifestyles, unresolved drug use, ongoing criminal activities, lack of stable housing, and financial insecurities at the present time as provided in Iowa Code section 232.102 without suffering further harmful effects, nor could she be returned at any time in the foreseeable future.

The court found it was in the child's best interests to terminate the parents' rights "so that she will have the opportunity to grow and mature in a safe, healthy and stimulating environment." The court also found it was not in the child's best interests to extend the case for an additional six months, noting the parents did not make much progress over the thirteen months since the juvenile proceedings began. The mother and father each appeal the juvenile court's decision.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear

and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III.    Mother

### A.  Sufficiency of the Evidence

The mother contends there is not sufficient evidence in the record to support termination of her parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We focus on the termination of the mother's parental rights under section 232.116(1)(h).[1]

The mother contests only the fourth element of section 232.116(1)(h)— whether the child can be safely returned to her care. A child cannot be returned

---

[1] Section 232.116(1)(h) provides for termination of parental rights if the following elements are met:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

"if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992). "The threat of probable harm will justify termination, and the perceived harm need not be the one that supported the child's initial removal from the home." *Id.* We consider whether there is clear and convincing evidence to show a child could be returned to a parent's care at the time of the termination hearing. *See In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014).

At the time of the termination hearing, the mother was in a half-way house while she continued to address her substance-abuse problems, and the child could not be placed with her there. Additionally, she had only started to address the issues concerning domestic abuse in the parents' relationship. The mother was not in a position where the child could be safely returned to her care. We conclude the juvenile court properly determined the elements of section 232.116(1)(h) had been met.

## B. Best Interests

The mother also claims termination of her parental rights is not in the child's best interests. In considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The mother has prioritized her relationship with the father, and when they are together they do not maintain sobriety. Also, their relationship includes incidents of domestic violence. We find termination of the mother's parental rights is in the child's best interests.

**C. Extension of Time**

The mother asks for an additional six months to work on reunification with the child. She asserts that she had made recent progress in addressing her substance-abuse problems and needs more time to demonstrate her sobriety.

The juvenile court may decide to not terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). The court may continue the proceedings for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

The juvenile court addressed this issue and found:

> [The mother] may argue she is doing everything DHS requested and this court ordered her to do; however, her cooperation with services came at the 11th hour. It is too little, too late. Both [the mother] and [the father] have requested an additional six months to work toward reunification. They apparently have forgotten the past 13 months they have had to address the issues that brought their family before this court. In granting the parents additional time, the court then must subtract that time from [the child's] chance at permanency. Making [the child] wait an additional six months in the hope that one of her parents will make her a priority is not in her best interest.

We concur in the juvenile court's determination that it would not be in the child's best interests to extend this case for an additional six months.

We affirm the juvenile court's decision terminating the mother's parental rights.

### IV. Father

#### A. Sufficiency of the Evidence

The father claims there is not sufficient evidence in the record to support the juvenile court's decision terminating his parental rights. As with the mother, we consider section 232.116(1)(h). *See T.S.*, 868 N.W.2d at 434 (noting a termination may be affirmed on any ground relied upon by the juvenile court).

For section 232.116(1)(h), the father does not claim the child could be returned to his care. Rather, he asserts the child could be returned to the mother's care. We have already determined the child could not be safely returned to the mother's care. Also, the father does not have standing to raise issues concerning the mother. *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007) (finding a father did not have standing to raise an argument on behalf of the mother in an effort to gain a benefit for himself). We conclude the court properly found the elements of section 232.116(1)(h) had been met as to the father.

#### B. Best Interests

The father contends termination of his parental rights is not in the child's best interests. We take into consideration the "long-term nurturing and growth of the child," and the child's "physical, mental, and emotional condition and needs." *See P.L.*, 778 N.W.2d at 40. The juvenile court noted the father had an "ongoing unstable lifestyle[ ], unresolved drug use, ongoing criminal activities, lack of stable housing, and financial insecurities." The father was unable to meet the child's short-term or long-term needs. We find termination of the father's parental rights is in the child's best interests.

**C. Extension of Time**

Finally, the father seeks an additional six months to work on reunification. An extension of time may be granted if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). We find it is very unlikely the father could resume care of the child within six months from the time of the termination hearing in July 2020. The father was not expected to be released from jail until September. In the past, he was unable to maintain sobriety unless he was in an institutionalized setting. Furthermore, the father had taken no steps to address the issue of domestic violence. We conclude the juvenile court properly denied the father's request for additional time.

We affirm the court's decision terminating the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**