# IN THE COURT OF APPEALS OF IOWA

No. 23-0096
Filed July 13, 2023

**IN THE INTEREST OF N.J., N.T., and N.T.,**
**Minor Children,**

**N.J., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Brent Pattison, District

Associate Judge.


        A mother appeals the termination of her parental rights.  **AFFIRMED.**


        Christine Branstad of Branstad & Olson Law Office, Des Moines, for

appellant mother.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee State.

        Jean M. Baker of Jean M. Baker Law Office, West Des Moines, attorney

and guardian ad litem for minor children.


        Considered by Ahlers, P.J., Badding, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**VOGEL, Senior Judge.**

A mother appeals the termination of her parental rights to three of her children. She argues the State failed to prove the statutory grounds for termination, her bond with the children should preclude termination, the juvenile court should have granted a six-month extension before termination, the State did not provide reasonable efforts toward reunification, and termination violates constitutional guarantees of due process. We affirm termination.

I.     **Background Facts and Proceedings**

The mother has seven minor children born between 2008 and 2016; from oldest to youngest, those children are Nov., Nev., Noa., Nol., Naz., Ney., and Nas. Prior to removal here, the children were in the father's physical care with visitation to the mother after she stipulated to this arrangement in December 2017. At issue in this appeal are the three youngest children—Naz., born in 2014; Ney., born in 2015; and Nas., born in 2016.

The Iowa Department of Health and Human Services (HHS) previously completed multiple child abuse assessments—all not confirmed—regarding this family. HHS involvement for this proceeding began in August 2020 after the father was arrested for violating a no-contact order protecting the mother. Based on HHS's concern about the mother's ability to safely care for the children and the mother's stated fear of the father if the children were in her care, the mother soon consented to removal of the children from her custody. In October, the children were adjudicated as being in need of assistance.

The children have had multiple placements throughout this proceeding. Noa. was returned to the mother's custody in December 2020, and Nov. was

returned to her custody in February 2021; these two children remained in her custody for the rest of this proceeding. At the time of termination, Nev. was in HHS custody at a residential program, Nol. was in a guardianship with fictive kin, Naz. and Nas. were with one foster family, and Ney. was with a second foster family.

In September 2022, the State filed the petition to terminate the mother's parental rights only as to Naz., Ney., and Nas. The matter proceeded to a hearing across three days in October and November. The juvenile court then terminated the mother's rights to the three children.[1] She appeals.[2]

## II.    Standard of Review

"We review termination of parental rights de novo." *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). "We are not bound by the factual findings of the juvenile court, though we give them respectful consideration, particularly regarding credibility determinations." *Id.*

## III.    Analysis

### A.  Statutory ground

The mother begins by arguing the State failed to prove the statutory grounds for termination. The juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(e) and (f) (2022). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

---

[1] As of termination here, the mother retained her rights as to Nov., Nev., Noa., and Nol.

[2] The juvenile court terminated the father's parental rights to all seven children on February 8, 2022. He is not part of this appeal.

We address Iowa Code section 232.116(1)(f), which allows the juvenile court to terminate parental rights if it finds the State proved all of the following:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother only challenges the fourth element, that the children could not be returned to her custody at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").

Soon after removal, HHS identified the mother's mental health and substance abuse as concerns. While she completed evaluations for both, she has been inconsistent in treatment. Regarding her mental health, her first therapist discharged her for missing too many appointments, and her current therapist recently warned her that she was again in danger of being discharged for missed appointments. Regarding substance abuse, the mother has never successfully completed treatment, and she is not currently engaged in treatment. She tested positive for marijuana multiple times during this proceeding, she regularly failed to providing a testing sample on the date HHS requested, and she failed to respond to HHS's request for testing shortly before the termination hearing.

The mother's failure to address her own issues raises serious doubts about her ability to address the needs of Naz., Ney., and Nas. All three children report

experiencing considerable trauma in their short lives. They have attended therapy once every week or two since shortly after removal, and they have made significant progress in that time. Their therapist provided a letter emphasizing the three children need consistency and structure. Both their therapist and the HHS worker testified they did not believe the mother would meet the children's needs if they were returned to her custody. Additionally, the mother has been inconsistent visiting these children, and she has made little effort to contact these children outside of visitation.

Furthermore, the mother's parenting of Nov. and Noa. indicates she is not up to the challenge of parenting Naz., Ney., and Nas. as well. A social worker described the mother's parenting of Nov. and Noa. as "minimally adequate" since they were placed in her custody in December 2020 and February 2021. Nov. and Noa. have both shown major behavioral issues; while the mother argues she should not be held "responsible for behavior for which she was not present," she has been unable or unwilling to take steps to address their behaviors. She has repeatedly failed to schedule various appointments for Nov. and Noa. She has not sent their medication to school, and Nov. and Noa. are frequently absent from school.

Considering the mother's failure to address her own issues, the special needs of the three children at issue, and the mother's struggles to parent the two children already in her custody, we agree the State proved Naz., Ney., and Nas. cannot be safely returned to the mother's custody. Therefore, the State proved termination is appropriate under Iowa Code section 232.116(1)(f).

### B. Parent-child relationship

The mother's petition briefly raises a permissive exception, arguing termination would be detrimental to children due to the parent-child relationship. *See* Iowa Code § 232.116(3)(c). We bypass concerns about waiver and address the merits of her argument. As explained above, the State showed serious concerns about the mother's ability to provide for the needs of Naz., Ney., and Nas. if they were returned to her custody. The children's therapist also testified Ney. is farthest along in therapy and has repeatedly said she is ready to be adopted. While the mother showed she has a relationship with these children, she failed to prove this relationship is so strong it overcomes the concerns with her parenting and should preclude termination.

### C. Additional time for reunification

The mother argues she should receive additional time for reunification. The juvenile court may grant up to an additional six months for reunification if it can "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b); *see also In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) ("Not only must [the parent] show the impediments to placing [the child] with [them] will not exist in six months, we must also consider whether the further delay is in [the child's] best interests.").

The children were removed from the mother's custody in August 2020, more than two years before the termination hearing. At the August 9, 2021 permanency hearing, the mother demonstrated to the court, "by the slimmest of margins," that

with an additional six months she may be able to have all the children in her care. More than one year later, the mother was still unable to do so. Moreover, these children have been out of the mother's physical care—except for visitations—since at least December 2017 when she stipulated to placing physical care with the father. While the mother has made some progress, again, the children still cannot be safely returned to her custody. "Children simply cannot wait for responsible parenting." *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990). Considering the already lengthy removal and the mother's continuing issues, additional time for reunification is not appropriate.

### D. Reasonable efforts

The mother argues HHS failed to provide reasonable efforts toward reunification. "The State must show reasonable efforts as a part of its ultimate proof the child[ren] cannot be safely returned to the care of a parent." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The parent must "object to services early in the process so appropriate changes can be made." *Id.* at 493–94.

On appeal, the mother argues HHS was deficient in facilitating her visitation, sibling visitation, and out-of-state relative placement. In an August 2022 permanency order—one month before the filing of the termination petition—the juvenile court addressed the mother's arguments and found HHS provided reasonable efforts:

> Creative efforts were made to help [the mother] better understand [Naz., Ney., and Nas.] and manage them—including one-on-one visitation with coaching . . . . And a bevy of services and supports have been put in place. It is true that an [interstate] home study has not been completed [for relative placement]—but Iowa cannot control how fast other states complete their reviews. Extensive visitation opportunities have been offered to [the mother] (formally and

informally), and she has not taken full advantage of them. The Court agrees that [HHS] has sometimes fallen short on its obligations with regard to sibling visitation in this case, but finds that has not impacted [the mother's] ability to reunify with the children.

On our de novo review, we agree with the juvenile court that HHS provided reasonable services for reunification. In light of these services, we repeat our conclusion that the State proved the children cannot be safely returned to the mother.

### E. Due process

The mother argues termination violates her rights to procedural and substantive due process. "The protections provided people under the constitutional guarantee of due process are fundamental to society. These protections include procedural safeguards for people who face state action that threatens a protected liberty or property interest." *See In re M.D.*, 921 N.W.2d 229, 232–33 (Iowa 2018).

The mother's due process arguments essentially repeat her earlier arguments that the State did not follow the Iowa Code before terminating her parental rights. As explained above, the State proved a statutory ground for termination, and HHS provided reasonable efforts toward reunification before termination. We find no violation of the mother's due process rights. To the extent the mother raises the due process rights of the children and the relatives who sought to care for the children, she has no standing to make those arguments. *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007) ("[The father] did not have standing to assert that argument on [the mother's] behalf in an effort to ultimately gain a benefit for himself, that is, the reversal of the termination of *his*

parental rights."). Finally, we find no due process violation in terminating her rights to only three of her seven children—even considering Nov. and Noa. remain in her custody—based on the unique needs and circumstances of each child.

**IV.    Conclusion**

The State proved a statutory ground for termination, the parent-child bond does not preclude termination, providing the mother with additional time for reunification was not appropriate, HHS provided reasonable efforts toward reunification, and termination does not violate the mother's due process rights.

**AFFIRMED.**