# IN THE COURT OF APPEALS OF IOWA

No. 24-0629
Filed June 19, 2024

**IN THE INTEREST OF M.H., M.H., and T.H.,**
**Minor Children,**

**T.H., Father,**
 Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, Judge.

A father appeals the termination of his parental rights to three children.
**AFFIRMED.**

Michael A. Horn of Horn Law Offices, Des Moines, for appellant father.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

Congarry D. Williams, Des Moines, attorney and guardian ad litem for minor children.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

A father appeals the termination of his parental rights to three children: M.H., born in 2017; T.H., born in 2018; and M.H., born in 2020. He contends the State has not proved the statutory ground for termination. He also argues termination is not in the children's best interests and claims that the court should not terminate his parental rights based on one of the grounds set out in Iowa Code section 232.116(3) (2024). Following a de novo review, *see In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021), we affirm.

**I. Background Facts and Proceedings.**

The children came to the attention of the Iowa Department of Health and Human Services (HHS) in September 2021 based on allegations of domestic violence in the home. The HHS investigated and determined that the father repeatedly hit the mother over a three-hour period while the mother was driving with the children in the vehicle. Although the HHS developed a safety plan to keep the father away from the mother and the children and offered services to both parents, domestic violence persisted. The juvenile court adjudicated the children in need of assistance (CINA) in May 2022, noting that the most recent report of the father's domestic violence was just four days earlier.

At first, the court ordered that the children remain in the mother's custody under HHS supervision. But in March 2023, the juvenile court ordered the children placed in HHS custody for placement with a relative after the father injured the mother while the children were present. Since then, the children have not been returned to either parent's custody.

Unfortunately, the situation did not improve. Law enforcement responded to disputes between the mother and the father three times over a one-month period from December 2023 to January 2024. The juvenile court granted the mother three more months to show she could protect the children but changed the permanency goal for the father to termination of his parental rights. After a March 2024 termination hearing, the juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(f).

## II. Discussion.

The father contends the State failed to prove the statutory ground for termination by clear and convincing evidence. The court may terminate parental rights under section 232.116(1)(f) if clear and convincing evidence shows:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The father does not dispute that the first three requirements were met but challenges the evidence showing that returning the children to his custody would expose them to harm that would justify a CINA adjudication. *See* Iowa Code § 232.116(1)(f)(4).

In determining whether the State has proved the ground for termination under section 232.116(1)(f), the question is whether the children could be returned to the parent's custody at the time of the termination hearing. *See A.B.*, 956

N.W.2d at 168 (interpreting the fourth element of section 232.116(1)(f) and (h)). The father testified that the children could not be returned to his custody at the time of the termination hearing:

> Q. Do you believe that your children can be placed with you today?  A. As of today, no.
> Q. Okay.  And why do you believe your children can't be placed with you today?  A. I am currently incarcerated.

Because the children could not be returned to the father's custody at the time of the termination hearing, clear and convincing evidence establishes the ground for termination.[1]

The father next argues that termination is not in the children's best interests. When determining best interests, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]."  Iowa Code § 232.116(2); *accord In re L.T.*, 924 N.W.2d 521, 528 (Iowa 2019) (stating that "we look to the child[ren]'s long-range as well as immediate interests, consider what the future holds for the child[ren] if returned to the parents, and weigh the child[ren]'s safety and need for a permanent home" (cleaned up)).  "It is well-settled law that we cannot deprive [children] of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be

---

[1] To the extent that the father argues the children could be returned to the mother's custody, he is without standing to make this argument.  *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007) ("[The father] did not have standing to assert [an] argument on [the mother's] behalf in an effort to ultimately gain a benefit for himself, that is, the reversal of the termination of *his* parental rights."); *In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005) (stating that one parent cannot argue facts or legal positions pertaining to the other parent).

able to provide a stable home for the child[ren]." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014).

We have already determined that the State proved the ground for termination. The record shows that the father exerted minimal effort to address the issues that led to the CINA adjudication. As a result, the father's issues with domestic violence continued two years after the CINA proceedings began. At the time of termination, the father had not visited the children in three months because a no-contact order was in place after a recent incident of domestic violence. The HHS recommended terminating the father's parental rights, as did the guardian ad litem.[2] We agree that termination is in the children's best interests. *See In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997) (stating that children "should not be forced to suffer in the limbo of parentless foster care" nor "forced to endlessly await the maturity of a natural parent." (citations omitted)).

Finally, the father claims that "there are compelling reasons to grant a guardianship and not terminate his parental rights due to the closeness of the parent-child relationship." Iowa Code section 232.116(3) provides that the court need not terminate parental rights if "[a] relative has legal custody of the child[ren]" or "[t]here is clear and convincing evidence that the termination would be

---

[2] As the guardian ad litem noted at the termination hearing,
> I don't believe it's a question of whether or not [the father] loves his children. I don't think that's the question. I think the question is, can the children grow up in a safe environment, and a safe environment for the children is free of domestic violence. It means those issues have to be addressed. And, Your Honor, I don't believe anything has been presented that shows that those issues have been addressed the way they need to be.

detrimental to the child[ren] at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(a), (c).

Because the children remained in the custody of HHS at the time of the termination hearing, section 232.116(3)(a) does not apply. *See In re I.V.*, No. 15-0608, 2015 WL 4486237, at *3 (Iowa Ct. App. July 22, 2015) (holding section 232.116(3)(a) does not apply when HHS has legal custody of a child placed with a relative). Before we can apply section 232.116(3)(c), the father bears the burden of showing by clear and convincing evidence "that, on balance, that bond makes termination more detrimental than not." *In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021); *see also In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (stating that the burden of proof is on the parent arguing against termination under section 232.116(3)). The father has not met that burden. We therefore affirm.

**AFFIRMED.**